# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.  3:10-CV-639-MOC-DCK

| | | |
|---|---|---|
| JANICE LAND, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| GENPAK LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 9).  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.  Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I.  BACKGROUND

*Pro se* Plaintiff Janice Land ("Plaintiff") filed her "Complaint" (Document No. 1) on December 16, 2010, alleging wrongful termination of her employment and that she suffered "general harassment" in violation of Title VII of the Civil Rights Act of 1964 as amended.  Specifically, Plaintiff's Complaint contends that she was discharged based on her sex in violation of Title VII. (Document No. 1, p.3).  On March 18, 2011, the presiding district judge, the Honorable Max O. Cogburn, Jr., issued an "Order" (Document No. 3) allowing Plaintiff to proceed *in forma pauperis*, and advising Plaintiff as follows:

> Finally, having allowed plaintiff to proceed *in forma pauperis*, the court has conducted a review of the Complaint in accordance with 28, United States Code, Section 1915(e)(2).  From the face of the Complaint, it appears that plaintiff is attempting to assert a Title VII claim for wrongful discharge based on sex.  While the block on the

form indicates wrongful termination based on sex, the facts alleged give such cause of action little support as she basically asserts that she was a good employee and was fired because someone else lied about her. Federal courts do not resolve general employment grievances; rather, they resolve employment actions that plausibly allege violations of federal law and rights. **Plaintiff is advised such allegations may not pass plausibility review and could result in the dismissal of this action at a later date.**

(Document No. 3, p.2)(emphasis added).

On May 16, 2011, Defendant filed the pending "Motion To Dismiss" (Document No. 9), along with "Defendant's Memorandum In Support Of Its Motion To Dismiss" (Document No. 10). Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Document No. 9). The undersigned issued an "Order" (Document No. 13) on May 17, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that she had the right to respond to "Defendant's Motion To Dismiss" (Document No. 9) on or before June 3, 2011, and that failure to do so would likely lead to the dismissal of this lawsuit. Plaintiff filed a timely response to the pending motion on May 23, 2011. (Document No. 15). On May 27, 2011, "Defendant's Notice Of Intent Not To File A Reply Brief..." (Document No. 16) was filed with the Court pursuant to Local Rule 7.1 (E). As such, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to

state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009),

quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551

F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to
> relief." Specific facts are not necessary; the statement need only
> "'give the defendant fair notice of what the . . . claim is and the
> grounds upon which it rests.'" In addition, when ruling on a
> defendant's motion to dismiss, a judge must accept as true all of the
> factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations

in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir.

1993).

### III. DISCUSSION

Defendant presents two main arguments in support of its motion to dismiss: (1) Plaintiff's

claim for "general harassment" should be dismissed because the claim exceeds the scope of the

EEOC Charge of Discrimination and is otherwise time-barred; and (2) the Complaint fails to meet

the minimum requirements established by Twombly and Iqbal, and therefore fails to state a claim

upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 10).

The undersigned finds Defendant's arguments to be persuasive and supported by relevant legal authority. Moreover, the undersigned does not find that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" or "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, 1960.

Despite Defendant's sound arguments, and the advisement of the Court in its previous "Order" (Document No. 3) that Plaintiff's allegations give little support for a wrongful termination based on sex, Plaintiff's response to the pending motion fails to advance her position. (Document No. 15). In her brief response, Plaintiff states that "I have always had problems with Genpak Treating me Different from My male co-workers." Id. However, Plaintiff's response, like her Complaint, fails to allege any facts to support a conclusion that she was terminated based on her gender. Id. Rather, Plaintiff's Complaint alleges that shift supervisor "Allen Hunter lied on me causing me to lose my job." (Document No. 1, pp.9-11). Plaintiff suggests more than once that Mr. Hunter's lying was the cause of her dismissal, but nowhere does she suggest that Mr. Hunter's, or anyone else's, actions were based on her gender. Id.

As Defendants argue, "Plaintiff must allege, among other things, facts sufficient to support a reasonable inference that Defendant took an adverse employment action against her based on her protected classification (i.e. her gender)." (Document No. 10, pp.6-7) (citing Makabin v. G4S Secure Solutions (USA), Inc., 3:10-CV-441-FDW-DCK, 2011 WL 900155 at *5 (March 11, 2011) ("For Plaintiff to recover, the discriminatory conduct must be 'but-for' his race or national origin.").

The undersigned concludes that Plaintiff has failed to plausibly allege violations of federal law and rights, and therefore, dismissal of this action is appropriate.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 9) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14)** days of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff by certified U.S. Mail.

**IT IS SO RECOMMENDED**.

Signed: June 29, 2011

David C. Keesler
United States Magistrate Judge

5